IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 1:12-cr-255 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| MAURICE MICHAEL HENDERSON, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

**July 24, 2018**

Presently pending before the Court is Defendant Maurice Michael Henderson's ("Defendant") Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 379). Defendant filed a memorandum in support of the Motion, (Doc. 380), the Government filed a brief in response, (Doc. 396), and Defendant filed a brief in reply, (Doc. 399). The Motion is therefore fully briefed and ripe for our review. For the reasons that follow, the Amended Motion shall be denied.

**I.    BACKGROUND**

Defendant was indicted by a grand jury on October 3, 2012, charging him and four co-defendants with conspiracy to distribute and possess with intent to distribute cocaine hydrochloride and cocaine base and distribution and possession with intent to distribute cocaine hydrochloride and cocaine base.  The grand jury

1

returned a superseding indictment on December 4, 2013, which added a charge of possessing a firearm in furtherance of drug trafficking. After a four-day jury trial that commenced on February 4, 2014, the Defendant was convicted on the first two counts and acquitted of the firearm charge.

The Defendant's advisory guideline range was calculated as 360 months to life based on an offense level of 42 and a criminal history category of VI. We ruled on the Defendant's several objections, calculating an offense level of 38 but maintaining a criminal history category of VI. The revised offense level had no impact on the advisory guideline range. However, we granted the Defendant's request to vary and sentenced him to a term of 300 months' imprisonment.

The Defendant appealed to the Third Circuit, which affirmed our judgment. The Defendant now brings the instant § 2255 motion, which he filed on May 12, 2016, and amended with leave of Court on August 29, 2016. We ordered the Government to file a response to the Defendant's Amended Motion on February 27, 2018, which it did on April 12, 2018. The Defendant filed his reply brief on May 30, 2018.

## II. DISCUSSION

The Defendant states several grounds in support of his motion, arguing that he received ineffective assistance of counsel during the pre-trial motions stage, as well as at trial, sentencing, and on direct appeal. The United States Supreme Court

set forth a two-prong analysis for determining whether a defendant has received ineffective counsel. First, we determine whether counsel's performance "fell below an objective standard of reasonableness," then we consider whether "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To show prejudice, a defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Because this matter is brought on a § 2255 motion, the burden remains on the defendant. *See United States v. Eakman*, 378 F.3d 294, 302 (3d Cir. 2004) ("[A]t the [§ 2255] hearing the prisoner retains the burden to demonstrate that he is entitled to relief."). We will begin with a discussion of whether the performance of Defendant's counsel, Attorney John A. Abom, fell below the objective standard of reasonableness.

    **A.    Reasonableness of Performance**

The two grounds we will consider first relate to the testimony of Michael Neff, an East Lampeter Township Police Department detective assigned to the Drug Enforcement Administration. The Defendant argues that Attorney Abom was ineffective because he failed to adequately challenge Detective Neff's

3

testimony about the conversion ratio of cooking powder cocaine into crack cocaine. The Defendant suggests that Attorney Abom should have requested a pretrial hearing to challenge Detective Neff's methodologies and should have more effectively cross-examined Detective Neff during trial. We find the Defendant's arguments in this regard unavailing.

Attorney Abom had no discernable basis for objecting to Detective Neff's qualifications to offer an expert opinion. "In cases involving narcotics trafficking, courts have admitted a broad range of expert testimony concerning the 'modus operanti' of the drug trade." *United States v. McGlory*, 968 F.2d 309, 345 (3d Cir. 1992). Detective Neff testified that he had been a drug law enforcement officer for several years and had been involved in "well over a thousand narcotics investigations" and personally headed "hundreds" of them. (Doc. 289, 31:11-24). Furthermore, Detective Neff did not perform a particular methodology that Attorney Abom could have challenged. Rather, Detective Neff described the common processes of converting powder cocaine to crack cocaine. (*Id.* at 43:10-22). He explained that he learned of the process in a number of ways, including conversations with the drug dealers who perform the conversion, trainings as a drug law enforcement officer, and trade articles. (*Id.* at 43:23-44:12). Detective Neff cautioned that the conversion ratio depends on a number of factors, including the purity level of the powder cocaine and the skill of the person cooking the

cocaine into crack. (*Id.* at 44:18-20). He then opined that "on average," the conversion will yield "an 80 percent return, 80 to 90 percent return." (*Id.* at 44:21-22). Detective Neff's testimony provided the jury with an overall context for converting powder cocaine into crack, not a case-specific opinion as to the conversion ratio of the drugs in this matter. He was clearly competent to do so.

The Defendant also claims that Attorney Abom was ineffective by failing to object to Detective Neff testifying as both a fact witness and an expert. The Defendant suggests that the fact testimony was not clearly distinguished from the expert testimony, potentially causing confusion among jurors. The record plainly contradicts the Defendant's argument. The first portion of Detective Neff's testimony concerned phone records he had obtained and the names of the individuals associated with the phone numbers. Following that line of questioning, the Government proceeded to establish Detective Neff's qualifications as a drug law enforcement officer, after which Attorney Abom was appropriately afforded an opportunity for cross-examination on those qualifications. Once accepted by the Court as an expert, Detective Neff provided a general overview of the drug trade and conversion, as discussed above. Contrary to the Defendant's characterization, Detective Neff did not vacillate between fact and expert testimony. His testimony was clearly in two parts, without overlap.

The Defendant next argues that Attorney Abom failed to adequately object to the determination that the Defendant was an organizer and a leader. The record clearly shows, however, that Attorney Abom did in fact object to this determination in the presentence report and advanced the same arguments on behalf of the Defendant that the Defendant now raises himself. In our reasoned opinion of August 26, 2014, we overruled the objection based on the testimony elicited at trial. (Doc. 295). Thus, there is no basis for finding that Attorney Abom's performance was sub-standard here, as he did precisely what the Defendant claims he did not do when he objected to this enhancement.

The Defendant's next ground asserts that Attorney Abom failed to adequately challenge the use of his prior New York state conviction as a predicate offense for his status as a career offender. The Defendant hypothesizes that, under the statute, the offense *could* have related to marijuana, which, he suggests, would make it ineligible as a predicate. The Defendant's argument fails for two reasons. First, the statute at issue, N.Y.P.L. § 220.39, does *not* include marijuana. *See Del Orbe v. Holder*, No. 12 Civ. 1057 (PAE), 2012 WL 3826182, at *4 n.5 (S.D.N.Y. Aug. 27, 2012). Second, even if the statute covered marijuana, the term "felony drug offense" as it pertains to the career offender designation, includes marijuana offenses. *See* 21 U.S.C. § 802(44). Furthermore, we note that Attorney Abom did object to the use of the New York conviction as a predicate based on the fact that

the conviction was for an *attempted* sale. However, we considered that argument and overruled the objection. (Doc. 276).

Finally, the Defendant argues that Attorney Abom was ineffective on appeal because the appeal omitted certain claims that the Defendant believes were meritorious. The Defendant acknowledges, however, that most of these claims were for ineffective assistance and does not elucidate which claims he would have appealed that did *not* relate to ineffective assistance. As previously discussed, we do not see any basis for finding that Attorney Abom provided ineffective assistance. Moreover, and most importantly, a claim of ineffective assistance is typically and appropriately raised on collateral review, such as through a § 2255 motion, rather than on direct appeal, particularly where the trial attorney also handles the appeal. *See United States v. Thornton*, 327 F.3d 268, 272 (3d Cir. 2003). Despite our rejection of the Defendant's collateral claims, he has properly raised them in the § 2255 motion before us. Accordingly, we can find no sub-standard performance on appeal.

    **B.    Prejudice to the Defense**

For the sake of completeness, we note that, even if the above actions of Attorney Abom had been deficient, and as noted we do not so find, there was no prejudice to the Defendant. With respect to the conversion ratio testimony of Detective Neff, the jury found trial testimony credible as to the amount of powder

cocaine attributable to the Defendant.  The amount of powder cocaine found by the jury, by itself, regardless of the amount of crack cocaine, supported the verdict and resulted in the same penalties.  Likewise, the Defendant's base offense level could not go lower than 37 based on his status as a career offender, which the Defendant could not cognizably contest.  Even at the lowest possible offense level, the Defendant would have faced the same advisory guidelines of 360 months to life.  Finally, and most importantly, the Defendant benefited from a substantial downward variance of 60 months.  Therefore, the Defendant has failed to meet his burden on both prongs of the *Strickland* test and is not entitled to the relief sought.

## III. CONCLUSION

For the foregoing reasons, the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (Doc. 114) shall be denied.  An appropriate Order shall issue.