IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 1:12-cr-255-01 |
| | : | |
| v. | : | |
| | : | Hon. John E. Jones III |
| MAURICE MICHAEL HENDERSON, | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

### July 27, 2020

Pending before the Court is the counseled[1] Motion for Compassionate Release and Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(a) filed by Defendant Maurice Michael Henderson ("Defendant" or "Henderson"). (Doc. 428). The Motion has been fully briefed by the parties and is therefore ripe for our review. (Docs. 441 and 443-445). For the reasons that follow, the Motion shall be denied.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On October 3, 2012, a grand jury sitting in the Middle District of Pennsylvania returned a multiple-count Indictment (Doc. 1) against Henderson and four co-Defendants charging them with a conspiracy to manufacture and distribute cocaine and crack cocaine, in violation of 21 U.S.C. §§ 846 and 841, from January

---

[1] Upon receipt of the Defendant's *pro se* request for compassionate release, the Court appointed the Federal Public Defender for this District to represent Henderson in these proceedings. (Doc. 429).

of 2010 to September of 2012.  On December 4, 2013, a Superseding Indictment (Doc. 174) was returned against Henderson charging him with possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

Following a multiple-day jury trial, a jury returned guilty verdicts on the two drug counts and acquitted Henderson on the gun charge.  On August 27, 2014, we sentenced the Defendant to a term of 300 months imprisonment on both counts of conviction to be served concurrently, followed by a 10-year term of supervised release.  (Doc. 301).  All of Henderson's appellate and collateral challenges to his conviction and sentence have been unsuccessful.

Henderson is currently 39 years old and has been diagnosed with stage 2 chronic kidney disease, hyperlipidemia and hypertension.  He is prediabetic and has a body mass index of 30 or slightly above.  In addition, Henderson reports that he suffers from bronchitis and asthma and that he has been recommended for surgery to repair a childhood hernia.

Henderson is incarcerated at the Federal Correctional Institution-Allenwood Low, located in Allenwood, Pennsylvania, with a projected release date of June of 2034.  As of this writing, Henderson has served approximately 89 months of his 300-month sentence.  There have been no reported cases of COVID-19 among inmates or staff at FCI-Allenwood Low.  *See https://www.bop.gov/coronavirus/* (last visited July 23, 2020).

## II. LEGAL FRAMEWORK

The First Step Act authorizes the sentencing court to reduce an inmate's term of imprisonment under specific circumstances, including for compassionate release. Pub. L. No. 115-391, 132 Stat. 5194. Prior to the enactment of the First Step Act in December 2018, a district court could grant compassionate release only on the motion of the Director of the Bureau of Prisons and inmates were precluded from bringing their own motions for compassionate release. *See* Pub. L. No. 115-391, § 603(b); 18 U.S.C.§ 3582(c)(1)(A). The First Step Act drastically changed that process, allowing prisoners themselves to file motions for compassionate release, as long as they had first exhausted their administrative remedies with the BOP.[2]

The standard of review for compassionate release is governed by 18 U.S.C. §3582(c)(1)(A). That section allows a sentencing court to modify a term of imprisonment previously imposed when, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, [we] find that…extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. §3582(c)(1)(A)(i). According to the Sentencing Guidelines and available policy statements on compassionate release, the definition of "extraordinary and compelling reasons"

---

[2] The parties agree that Henderson has exhausted his administrative remedies relative to the instant Motion, thus we shall dispense with a recitation of the exhaustion requirements.

requires, in relevant part, a federal inmate to show that he is "suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, and that the impairment is one from which the inmate is not expected to recover and substantially diminishes the inmate's ability to provide self-care within the environment of a correctional facility." *See* U.S. Sentencing Guidelines Manual (USSG) § 1B1.13.[3]

The Sentencing Guidelines state that sentencing courts may consider factors that were known at the time of sentencing if those reasons have since ripened into extraordinary and compelling ones: "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." USSG §1B1.13.

However, the extraordinary and compelling reason must be considered in conjunction with the §3553(a) factors traditionally considered at sentencing, including the need for the sentence to reflect the seriousness of the offense, to

---

[3] *See also* BOP Program Statement 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)*; available at https://www.bop.gov/policy/progstat/5050_050_ EN.pdf.

promote respect for the law, the nature and circumstances of the offense, and to provide just punishment. 18 U.S.C. §3553(a); 18 U.S.C. §3582(c)(1)(A).

With these benchmarks in mind, we turn to an analysis of Henderson's compassionate release request.

### III. DISCUSSION

Henderson submits that the COVID-19 pandemic in combination with the conditions inside FCI-Allenwood Low and his various health issues present the Court with extraordinary and compelling reasons to order his release. The Court recognizes that Henderson's chronic kidney disease and body mass index are considered by the Centers for Disease Control to be health conditions that cause an increased risk of having an serious reaction if Henderson were to contract COVID-19. *See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html* (last visited July 23, 2020). However, based on our review of Henderson's medical records, it appears that his suite of medical conditions is being managed by the Bureau of Prisons. (Doc. 443).

We do, of course, recognize that prisons are "crowded, with shared sleeping spaces and common areas, and often with limited access to medical assistance and hygienic products," thereby "put[ting] those incarcerated inside a facility with an outbreak at heightened risk." *United States v. Park*, 2020 U.S. Dist. LEXIS 73048, 2020 WL 1970603, at *2 (S.D.N.Y. Apr. 24, 2020) (collecting sources). However,

after considering the 3553(a) factors, including the nature and circumstances of Henderson's offense and his history and characteristics, 18 U.S.C. § 3553(a)(1), as well as the need for the sentence imposed and the kinds of sentences available, 18 U.S.C. § 3553(a)(2)-(3), we find that reducing Henderson's term of incarceration would not be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(i), nor would it be supported by the "factors set forth in section 3553(a)," 18 U.S.C. § 3582(c)(1)(A).

First, we cannot find that Henderson "is not a danger to the safety of any other person or to the community," as a sentencing court must before it may reduce a term of imprisonment or modify a sentence to one of home confinement. *See* U.S.S.G. § 1B1.13(2). While we appreciate that Henderson has acquitted himself well during his incarceration by maintaining employment and availing himself of various programs and certifications, to be sure, the underlying conduct that led to Henderson prosecution and incarceration – trafficking in significant amounts of cocaine and crack cocaine – endangered the safety of the community. Moreover, Henderson has a significant criminal history that rendered him a career offender, demonstrating a considered and continued disrespect for the law.

Further, we do not find that an application of the § 3553(a) sentencing factors favor Henderson's early release. In our view, Henderson's managed medical concerns are outweighed by the combined force of "the nature and

circumstances of the offense" and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). We find that it would disserve these important sentencing factors to release Henderson from custody when he has only completed less than half of his significant sentence.

## IV. CONCLUSION

Based on the foregoing, we shall deny Henderson's Motion. We note that our denial shall be without prejudice to Henderson renewing his Motion should his health circumstances change in a marked way.

**AND NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Defendant's Motions for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582 (c)(1)(A), (Docs. 419 and 428), is **DENIED** without prejudice.

s/ John E. Jones III
John E. Jones III, Chief Judge
United States District Court
Middle District of Pennsylvania
